Tony LILL, Petitioner and Respondent,

v.

S. W. THOMPSON, as State Highway Commissioner and Ernest N. Emerson, Sergeant of the State Highway Patrol, Respondents and Appellants.

No. 7603.

Supreme Court of North Dakota.

Aug. 30, 1957.

Leslie R. Burgum, Atty. Gen., and Vernon R. Pederson, Sp. Asst. Atty. Gen., for appellants.

Duffy & Haugland, Devils Lake, for respondent.

BURKE, Judge.

In this proceeding the petitioner asked for an order of the District Court of Ramsey County, setting aside the revocation of his driver's license by the Highway Commissioner. The court granted the petition and the commissioner has appealed.

The motor vehicle operating record of the petitioner, maintained by the commissioner, shows a certificate of conviction executed by Honorable B. F. Whipple, County Judge of Wells County, certifying that petitioner pleaded guilty to the offense of reckless driving in violation of state law on the 10th of October, 1955, in the County Court of Wells County and a certificate of conviction executed by Honorable J. A. Alphson, Police Magistrate of the City of Grand Forks, certifying that petitioner pleaded guilty to the offense of reckless driving in violation of an ordinance of the City of Grand Forks on October 13, 1955, in Municipal Court in Grand Forks.

The commissioner maintains that this record required him to revoke petitioner's driver's license under the provisions of Section 30, Chapter 251, Laws of N. D. 1955.

This Section reads as follows:

"The commissioner shall forthwith revoke the license of any operator upon receiving a record of such operator's conviction of any of the following offenses, when such conviction has become final:

"1. Manslaughter or negligent homicide resulting from operation of a motor vehicle;

"2. Any felony in the commission of which a motor vehicle is used;

"3. Failure to stop and render aid as required under the laws of this state in the event of a motor vehicle accident resulting in the death or personal injury of another;

"4. Perjury or the making of a false affidavit or statement under oath to the commissioner under this Act or under any other law relating to the ownership or operation of motor vehicles; or

"5. Conviction, or forfeiture of bail not vacated, upon two charges of driving a motor vehicle while under the influence of intoxicating liquor or a drug, or reckless driving, or aggravated reckless driving, committed within a period of eighteen months."

The only question in this case is whether offenses in violation of city ordinances are to be considered in revoking driver's licenses under Subdivision 5 of Section 30, supra. The commissioner decided that such offenses should be so considered and held that one conviction of reckless driving under the state law and another conviction of

reckless driving under a city ordinance both within a period of eighteen months, made revocation of petitioner's license mandatory. The petitioner contends that, properly construed, the statute refers only to offenses, committed in violation of state law; and that if it be construed to include an offense of reckless driving, as defined by any municipal ordinance in the state, the statute, so construed, would violate Section 11 of the North Dakota Constitution which provides:

"All laws of a general nature shall have a uniform operation."

■ The trial judge held that the legislative intent was to provide that mandatory revocation would follow upon convictions for violations of criminal statutes only. In this conclusion we think the trial judge was correct.

Subdivisions 1 to 4, inclusive, of Section 30, supra, clearly relate to violations under the state law only. Subdivisions 1 and 2 relate to felonies. Subdivisions 3 and 4 are specifically limited to violations of state law. Subdivision 5 refers to certain "charges" by name, to wit: driving a motor vehicle while under the influence of intoxicating liquor or drug, reckless driving and aggravated reckless driving. The names used are the names of crimes defined by state law and while the statute does not expressly so provide, we think it clear that the names used refer to those crimes.

This appears to have been the intention of the writers of the Uniform Vehicle Code as published by the National Committee on Uniform Traffic Laws and Ordinances. Section 6–205 which is the cognate section of the Uniform Vehicle Code has appended to it a note which reads as follows:

"Where the offenses above enumerated are defined and penalties provided in the criminal code of the State it would be sufficient in the above section to refer by number to such sections of the criminal code without specifically describing such offenses in the above section."

This note clearly indicates that the authors of the section considered that the offenses named therein were offenses as defined by state law.

The Supreme Court of Wyoming in construing the section of its statute concerning mandatory revocations and in determining what was meant by a charge of driving while intoxicated stated: "It seems apparent to us that the legislature in using the words 'while intoxicated' was employing them merely as referring to the criminal statute Section 60–414 W.C.S. 1945 * * *." Morad v. Wyoming Highway Department, 66 Wyo. 12, 203 P.2d 954, 958.

We think the reasonableness of the indicated construction is apparent. Certainly the legislature must have had specific grounds in mind for so serious a consequence as a mandatory revocation of a license. We do not think the legislature would, even if it could, leave it to the city councils and city commissions to define the grounds upon which a state driver's license must be revoked.

■ It is said by appellant that the provisions of Section 28, Chapter 251, supra, which require the filing with the commissioner of reports of convictions under municipal ordinances are at odds with this construction. We think however, that such reports may be considered only in connection with discretionary suspensions and revocations under Section 31 of Chapter 251, supra, in the same manner as the reports of juvenile commissioners which are also required to be filed.

We are of the opinion therefore that the construction placed on Section 30 of Chapter 251, Laws of N. D. 1955, by the trial court was correct. The order appealed from is therefore affirmed.

GRIMSON, C. J., and JOHNSON, SATHRE, and MORRIS, JJ., concur.